UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:10-cv-22872-COOKE/TURNOFF

ROMACORP, INC.

    Plaintiff,

v.

PRESCIENT, INC. *et al.*,

    Defendant.

_____/

## OMNIBUS ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER is before me on Defendant Prescient, Inc.'s Motion to Dismiss Plaintiff Romacorp, Inc.'s Second Amended Complaint (ECF No. 18) and Defendant Federal Deposit Insurance Corporation's Second Amended Complaint (ECF No. 39). I have reviewed the parties' arguments, the record, and the relevant law, and for the reasons set forth below, I deny both of the Motions.

### I. BACKGROUND

This is an action for damages based on a breach of contract. Defendant Romacorp, Inc. ("Romacorp") alleges that it entered into a contract with Defendants Prescient, Inc. ("Prescient") and Federal Deposit Insurance Corporation (the "FDIC") through the exchange of two e-mails.

Romacorp alleges that on March 31, 2010, Prescient, acting as an agent for the FDIC, sent Romacorp an e-mail making an offer to sell a property located at 6601 South Dixie Highway, Miami, Florida (the "property"). The e-mail states, in relevant part:

> Per our conversation this morning, I am sending you an email updating you on the status of [the property]. This location was formerly owned by Colonial Bank, which was taken into Receivership by the FDIC, who in turn, now is the owner of the property. Prescient, my company, is an ORE contractor for the FDIC and we are contracted to manage and sell ORE for the FDIC. 6601 South Dixie Highway was ORE from Colonial Bank . . . . Our goal for all of the Colonial Properties we received was to offer them all via a sealed bid offering in which each property would be individually bid on, but after speaking with you and learning of your interest to purchase the property, we would like to offer this to you before the sealed bid. We will set an asking price of $905,000. Please review that price and let me know an offer you would like to make on the property. If we are unable to work something out, we will then take this property out to the market and allow for other investors to bid.

Romacorp alleges that on May 12, 2010, it responded to Prescient's e-mail, and accepted the offer. The e-mail states, in relevant part:

> I understand that this property is being considered for a sealed bid offering. . . . [R]ather than participate in a bid process, even with a prospect of a lesser price, Romacorp, Inc. accepts your offer to purchase the property at 6601 South Dixie Highway, as set out below, for the full price of $905,000. The offer includes a quick closing, as soon as you are prepared to deliver title, waiving any diligence period, purchase price to be paid in cash or other good funds at Closing as seller may request. Please have the appropriate documents prepared and delivered to me for review.

Romacorp alleges that Prescient and the FDIC breached the contract by refusing to sell the property.

Prescient moves to dismiss Romacorp's Second Amended Complaint (the "Complaint") on the grounds that (i) Prescient's e-mail did not constitute an offer for sale of real property; (ii) the writing fails because it does not contain all of the essential terms of the transaction; (iii) the writings do not comport with Florida's mirror image rule; and (iv) Romacorp fails to sufficiently allege a breach of contract.[1]

---

[1] Prescient also raises a new argument in its Reply that Prescient was not an agent for the FDIC. Because it is improper for a party to raise new arguments in a Reply memorandum, I will not consider Prescient's additional contentions. See Local Rule 7.1.C.

2

The FDIC moves to dismiss Romacorp's Complaint on the grounds that (i) the Financial Institutions Reform Recovery and Enforcement Act's ("FIRREA") anti-injunction provision, 12 U.S.C. § 1821(j), bars this Court's jurisdiction over the Complaint; and (ii) FDIC did not authorize Prescient to act as its agent.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"A court's review on a motion to dismiss is limited to the four corners of the complaint," and any attachments incorporated into the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see* Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is

an exhibit to a pleading is a part of the pleading for all purposes."). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document if that document is central to the plaintiff's claims." *Daewoo Motor Am., Inc. v. Gen. Motors*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *i.e.* "the authenticity of the document is not challenged"). If a document that is appended pursuant to Rule 10(c) forecloses recovery as a matter of law, dismissal is appropriate. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

### III.  ANALYSIS

**A. Prescient's Motion to Dismiss**

To establish a breach of contract, a plaintiff must show: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir.2009). Prescient argues that Romacorp has failed to allege the existence of a contract because (i) Prescient did not offer to sell the premises, but merely invited Romacorp to make an offer to purchase; (ii) the alleged contract did not sufficiently specify all essential terms; (iii) Romacorp's purported acceptance fails to meet the requirements of the "mirror image rule"; and (iv) Romacorp does not sufficiently allege a breach of contract.  Whether the contract was supported by adequate consideration is not at issue in this case.

4

      1.  <u>Romacorp Sufficiently Alleges the Existence of an Offer</u>

"An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1373 (11th Cir. 2005) (quoting the Restatement (2d) of Contracts § 24 (1981)). "A completed contract or . . . an allegedly binding offer must be viewed as a whole, with due emphasis placed upon each of what may be inconsistent or conflicting provisions." *Izadi v. Machado (Gus) Ford, Inc.*, 550 So. 2d 1135, 1138 (Fla. Dist. Ct. App. 1989). "The [parties'] real intention, as disclosed by a fair consideration of all parts of a contract, should control the meaning given to mere words or particular provisions when they have reference to the main purpose." *Id*. A court's determination of the parties' contractual intent raises factual issues. *See Nu-Air Mfg. Co. v. Frank B. Hall & Co. of New York*, 822 F.2d 987, 991 n.11 (11th Cir. 1987) (noting that whether a contracting party's "communication included all essential elements of an insurance contract and that the policy had been "approved" raises a jury question as to whether party had reason to believe that the quotation was intended as an offer."); *see also Kirch v. Mannen*, 393 So. 2d 63, 64 (Fla. Dist. Ct. App. 1981) ("[W]e apply the doctrine that when conflicting legal inferences, particularly concerning the intent of the parties, may be drawn from an ambiguous legal document, or as to the effect even of undisputed facts, the issue is not properly subject to summary adjudication, and may be resolved only after trial.").

The parties focus on different portions of Prescient's March 31, 2010 e-mail to make their arguments. Prescient agues the following language indicates it only contemplated an invitation to offer: "Please review that price and *let me know an offer you would like to make* on the property." Romacorp points to another portion of the e-mail, which it contends creates an offer:

"after speaking with you and learning of your interest to purchase this property, *we would like to offer this to you* before the sealed bid. We will set an asking price of $905,000.00." The Restatement (Second) of Contracts provides the following illustration, which appears to be in line with the facts of this case: "A writes B, 'I am eager to sell my house. I would consider $20,000 for it.' B promptly answers, 'I will buy your house for $20,000 cash.'" Rest. (2d) of Contracts § 26. According to the Restatement, this exchange does not create a contract. *Id*. However, because the parties' intent create a factual question, it is not proper for resolution at the motion-to-dismiss stage. *See Nu-Air Mfg. Co.*, 822 F.2d at 991 n.11; *Kirch*, 393 So. 2d at 64. At this stage of the litigation, it is enough that Romacorp has sufficiently alleged, with reference to exhibits to its Complaint, that Prescient made an offer to sell the property.

2. Romacorp's Allegations Adequately Establish that the Writings Contained All Essential Terms of the Contract

Prescient argues that, even if it made an offer, the writings are insufficient to create a valid contract because they do not set forth all of the essential terms of the agreement. What is an essential term of a contract "will vary widely according to the nature and complexity of each transaction and will be evaluated on a case by case basis . . . ." *Socarras v. Claughton Hotels, Inc.*, 374 So.2d 1057, 1060 (Fla. Dist. Ct. App. 1979).

Under Florida law, a court must analyze a contract differently depending on whether the plaintiff seeks specific performance or damages. *Benson v. Calfonte Dev. Corp*., 348 So. 2d 557, 560 (Fla. Dist. Ct. App. 1976) ("Even though an agreement may be too indefinite in its terms for specific enforcement, it may be certain enough to constitute a valid contract for breach of which damages may be recovered."). Where a party seeks specific performance of a contract, the writings must show the following essential elements: "[t]he matter of consideration, manner of payment, security for deferred payments, interest, dates when they shall become due, acts to be

6

done by either party, and other essential conditions of the contract." *Alzate v. Lazor*, 992 So. 2d 424, 426 (Fla. Dist. Ct. App. 2008) (quoting *Rundel v. Gordon*, 11 So. 386, 387-88 (Fla. 1927)). However, as here, where a party seeks only damages, "[a] lesser degree of certainty is required to afford relief for damages than is necessary to decree specific performance." *Fox v. Sails at Laguna Club Dev. Corp.*, 403 So. 2d 456, 458-59 (Fla. Dist. Ct. App.1981). In a damages action for breach of a real estate contract, the writings must include the following essential terms: identification of the specific property, the price, purchaser, seller, and the date signed. *Id*. at 458 & n.1; *Alzate*, 992 So. 2d at 425-26; *see also Cohodas v. Russell*, 289 So. 2d 55, 57 (Fla. Dist. Ct. App. 1974) (holding that the essential terms of a contract for the sale of land are "the names of the parties, the purchase price and the property description").

Prescient's e-mail provides all of the essential terms of the contract. It identifies the specific property as 6601 South Dixie Highway. It sets the purchase price at $905,000. The e-mail is from Prescient to Romacorp, and it notes that Prescient is selling the property for the FDIC. The e-mails provide the dates of the alleged offer and acceptance. Romacorp has therefore sufficiently alleged, with reference to Complaint exhibits, that the writings contain all of the essential terms for a real estate contract.

### 3. Romacorp Sufficiently Alleges that the Writings Comport with the Mirror Image Rule

Prescient argues that Romacorp's e-mail does not indicate mutual assent to the terms of the alleged offer and therefore the parties did not create a contract that comports with the mirror image rule.[2] As Prescient points out, Florida law employs the "mirror image rule" under which "an acceptance of an offer must be absolute, unconditional and identical with the terms of the offer." *Montgomery v. English*, 902 So. 2d 836, 837 (Fla. Dist. Ct. App. 2005). "If an offer is

---

[2] Prescient does not argue that Romacorp's e-mail constitutes a counter-offer.

accepted without conditions, and without varying its terms, and the acceptance is communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at its pleasure." *Am. Appraisal Assocs., Inc. v. Am. Appraisals, Inc.*, 531 F. Supp. 2d 1353, 1358 (S.D. Fla. 2008). "While a 'meeting of the minds' may not be necessary as to every term for a contract to be formed," the parties' mutual assent is "certainly necessary" as to every essential term. *David v. Richman*, 568 So. 2d 922, 924 (Fla. 1990). Thus, "[e]ven though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them." *See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 408 (Fla. 1974).

Prescient argues that Romacorp's request that Prescient "[p]lease have the appropriate documents prepared and delivered to me for review," demonstrates that Romacorp's e-mail was not an unconditional acceptance. Romacorp argues that its statement, "Romacorp accepts your offer" is sufficient to establish an unequivocal assent. In *Sands v. Wagner & Hunt, P.A.*, this Court held that the use of the phrase "[I] accept your offer" in an e-mail was sufficient to show the parties' "recognition that the agreement contained the essential terms, but also their intent to be bound by them." No. 09-30557, 2009 WL 2730469, at *3 (S.D. Fla. Aug. 28, 2009). That the e-mail at issue also stated, "I will prepare a settlement agreement and mutual releases," was of no consequence, and did not defeat the contract's validity. *Id*. Additionally, the contracting party's follow-up e-mail stating, "FYI: as a matter of policy, I will not agree to any confidentiality provision," did not render the contract invalid because it was a non-essential term. *Id*.

The mirror image rule only requires mutual assent to the *essential* terms of the contract. *See David*, 568 So. 2d at 924; *Blackhawk Heating & Plumbing Co., Inc.*, 302 So. 2d at 408. Here, Romacorp's allegations are sufficient to indicate its unconditional acceptance to the

8

essential terms of the contract (the specific property, the price, purchaser, seller, and the date signed). That Romacorp's e-mail also mentioned other, non-essential terms, and requested that Prescient draft the appropriate documents, does not render the contract invalid based on the mirror image rule. Romacorp has therefore sufficiently alleged, with reference to Complaint exhibits, that the writings at issue comport with the mirror image rule.

    4.  <u>Romacorp Sufficiently Alleges a Breach of Contract</u>

Finally, Prescient argues that Romacorp does not sufficiently allege a breach of contract because it did not state "what particular alleged contractual provision Prescient has breached." The Federal Rules of Civil Procedure do not require that Plaintiffs set out in detail the facts upon which their breach of contract claim is based. *See Iqbal*, 129 S. Ct. at 1949. To survive a motion to dismiss, Plaintiffs need only state sufficient facts to make a plausible claim for relief and to provide Defendant notice of the claims against it. *Id*. at 1950. "For better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can." *Comprehensive Care Corp. v. Katzman*, No. No. 09-01375, 2010 WL 1433414, at *3 (M.D. Fla. Apr. 9, 2010) (citing *In re Se. Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995)).

Romacorp alleges that (i) "although the parties entered into a binding agreement for the purchase and sale of [the property], Prescient advised Romacorp that neither it nor the FDIC would proceed with the transaction"; and (ii) "the FDIC and Prescient have refused to complete the sale and tender [the property] to Romacorp, which constitutes a breach of the agreement." These allegations are sufficient to put the Defendants on notice of the claims against them pursuant to Rule 8.

**B. FDIC's Motion to Dismiss**

The FDIC makes two arguments for dismissal: (i) this Court does not have jurisdiction over the FDIC's claim; and (ii) FDIC did not authorize Prescient to act as its agent. For the reasons provided below, I will deny the FDIC's Motion.

First, the FDIC argues that of the FIRREA's anti-injunction provision, 12 U.S.C. § 1821(j), precludes this Court from asserting jurisdiction over Romacorp's breach of contract claim. Section 1821(j) provides that "a court may not take any action . . . to restrain or affect the exercise of the powers or functions of the [FDIC] as a conservator or a receiver." Romacorp solely seeks damages on its breach of contract claim. "Courts have uniformly held that the preclusion of section 1821(j) does not affect a damages claim." *Hindes v. FDIC*, 137 F.3d 148, 161 (3d Cir. 1998) (collecting cases); *see also Sharpe v. FDIC*, 126 F.3d 1147, 1155 (9th Cir. 1997) ("The damages claim is not affected by the jurisdictional bar imposed by § 1821(j) . . . ."); *Volges v. Resolution Trust Co.*, 32 F.3d 50, 53 (2d Cir. 1994) ("Although § 1821(j) precludes equitable remedies, a plaintiff may still assert a claim for damages. . . ."). Because Romacorp seeks damages rather than injunctive relief, section 1821(j) does not bar this Court's jurisdiction.[3]

Second, the FDIC makes a one-paragraph cursory argument that Romacorp has "erroneously alleged authority on the part of Prescient to act for the FDIC." To the extent the FDIC makes a factual attack on Romacorp's allegations, such attack is improper at the motion-to-dismiss stage, where the court must accept the plaintiff's allegations as true. To the extent the FDIC challenges the sufficiency of Romacorp's allegations, this argument also fails. In its

---

[3] The FDIC makes a new argument in its Reply that an award of damages would be akin to declaratory judgment because an award of damages would somehow have "an inherent declaratory component." As noted above, a party may not raise new arguments in a Reply memorandum. In any case, the FDIC cites to no case where a court has so held, and such an argument is in contrast to the established case law holding that section 1821(j) does not bar a court's jurisdiction over a damages claim.

Complaint, Romacorp makes the following allegations with respect to agency:  (i) the FDIC has retained Prescient as its agent to market and sell various properties throughout the U.S. that it owns by virtue of the many banks that it has taken over, including the property; (ii) the FDIC took over Colonial Bank, the then owner of the property; (iii) Pursuant to the FDIC's agreement with Prescient, Prescient was authorized, on behalf of the FDIC, to market, negotiate the sale and ultimately sell the property; (iv) Prescient, on behalf of the FDIC, offered the property for sale to its tenant, Romacorp.  Romacorp also attached to its Complaint a copy of Prescient's e-mail, which states in relevant part:

> This location was formerly owned by Colonial Bank, which was taken into Receivership by the FDIC, who in turn, now is the owner of the property. Prescient, my company, is an ORE contractor for the FDIC and we are contracted to manage and sell ORE for the FDIC.  6601 South Dixie Highway was ORE from Colonial Bank . . . .

These allegations are sufficient to put the Defendants on notice of its claims regarding agency.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendant Prescient, Inc.'s Motion to Dismiss Plaintiff Romacorp, Inc.'s Second Amended Complaint (ECF No. 18) is **DENIED**.

2. Defendant Federal Deposit Insurance Corporation's Second Amended Complaint (ECF No. 39) is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of April, 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*William C. Turnoff, U.S. Magistrate Judge*
*All counsel of record*

12