UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22872-Civ-COOKE/TURNOFF

ROMACORP, INC.,

    Plaintiff
vs.

PRESCIENT, INC., *et al.*,

    Defendants.
_____/

## ORDER AMENDING MAGISTRATE JUDGE'S ORDER

THIS MATTER is before me on the FDIC's Objection to Order on Plaintiff's Motion to Compel FDIC to Respond to Discovery Requests, Finding that FDIC has Waived Objection and Awarding Rule 37 Expenses (ECF No. 90). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, Judge Turnoff's Order shall be amended.

**I. Standard of Review**

A district court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.,* 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted).

The FDIC begins by urging me to review Judge Turnoff's Order *de novo*. The FDIC argues that, although the "clearly erroneous" standard "generally applies to a review of a magistrate judge's rulings on pretrial discovery matters," such as the one at issue here, I should

apply the *de novo* standard of review because "where, as here, a party has requested that the reference to the Magistrate be withdrawn, the issue is a matter of law and therefore the standard of review is *de novo*." Def. Obj. 4-5.  The FDIC fails to cite any case law to support the proposition that a court should conduct a *de novo* review on a pretrial, discovery matter when a motion to vacate a referral to a magistrate judge is pending.  Instead, it cites to cases where the district court properly applied *de novo* standard to review a magistrate judge's ruling of a dispositive matter.  "The Federal Magistrates Act provides two separate standards of judicial review: 'clearly erroneous or contrary to law' for magistrate resolution of nondispositive matters, see 28 U.S.C. § 636(b)(1)(A), and '*de novo*' for magistrate resolution of dispositive matters, see § 636(b)(1)(B)-(C)." *Peretz v. United States*, 501 U.S. 923, 944 (1991)).  Because Judge Turnoff's Order concerns a nondispositive matter, *de novo* review is inapplicable.[1]

      The FDIC makes a related argument that Magistrate Judge Turnoff does not have any jurisdiction to rule on pretrial, discovery matters in this action because the FDIC did not consent to magistrate jurisdiction.  As a member of the Federal Bar, it is astounding that counsel lacks a basic understanding of magistrate jurisdiction in federal courts.  Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," except certain listed motions.  *See also* Local Magistrate Rule 1(c).  It is well-established that the consent of the parties is unnecessary for a magistrate judge to rule on non-dispositive matters. *See, e.g.*, *Reeves v. DSI Sec. Serv., Inc.*, 395 Fed. App. 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions . . . . The district court need not obtain the consent of the parties before assigning these matters to a magistrate judge. . . . Even though [plaintiff] had requested that no magistrate judge be assigned

---

[1] As the FDIC itself acknowledges, discovery matters are non-dispositive.  *See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1286 (11th Cir. 2003).

to his case, the district court had the authority to refer to a magistrate judge [plaintiff's] motion to amend his complaint."); *Cheshire v. Bank of America, NA*, 351 Fed. Appx. 386, 388 (11th Cir. 2009) ("With certain exceptions not applicable to this case, a judge may designate a magistrate to hear and determine any pretrial matter pending before the court. Consent of the parties was not necessary. Accordingly, we discern no error.")[2] (internal quotations and citations omitted); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) ("Thus, in general, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case.").

**II. Analysis**

First, the FDIC argues that it did not untimely assert objections in response to Plaintiff's discovery requests because when it filed a motion to stay discovery in this case, such filing tolled its discovery obligations until this Court ruled upon the motion. In support, the FDIC cites to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). In that case, the court noted, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1368. The Eleventh Circuit held that the district court abused its discretion in allowing a case to proceed through discovery without ruling on a motion to dismiss where the plaintiff's allegation of fraud "was dubious enough to require the district court to rule on [defendant's] motion to dismiss." *Id*. at 1369. Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss. *See, e.g., Schreiber v. Kite King's Lake, LLC*, No. 10-391, 2010

---

[2] The FDIC cites this case in its Objections for another proposition. It should therefore have realized that its arguments on consent to magistrate jurisdiction were off the mark. Counsel is encouraged to read the cases it cites in any filing before this Court carefully and in their entirety.

WL 3909717, at *1 (M.D. Fla. Oct. 1, 2010) ("*Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."); *Gannon v. Flood*, No. 08-60059, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) ("The Eleventh Circuit's primary concern in *Chudasama* was with the district court's delay and prolonging of the parties' discovery and costs unnecessarily. . . . This does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Koock v. Sugar & Felsenthal, LLP*, No. 09-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in *Chudasama* does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.").

Nowhere in *Chudasama* does the Eleventh Circuit state that a party may stop complying with its discovery obligations when it files a motion to stay. Indeed, the FDIC cites no case law that suggests that a party may simply ignore its discovery obligations while a motion to stay is pending, nor have I found any. *Cf. Iselo Holdings, LLC v. Coonan*, No. 02126, 2010 WL 3630125, at *9 (D. Colo. Sept. 10, 2010) ("Although [defendant] had every right to request dismissal of [plaintiff's] claims and a stay of this litigation pending determination of that request, no authority entitles him to ignore his discovery obligations while those requests are pending.").

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)). A party may waive any general privileges in this manner. *See, e.g.*, *Jaffe v. Grant*, 793 F.2d 1182, 1190 n.5 (11th Cir. 1986) (finding no error in court ruling that Fifth Amendment privilege was waived by failure to timely assert it); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) ("[I]n the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection. . .

4

. This is true even when the party objects to disclosure because it claims that the information sought is privileged."). I find that Judge Turnoff did not make a clear error of law in determining that the FDIC was obligated to respond to discovery while its motion to stay was pending, and that the FDIC waived its objections to discovery when it failed to timely assert them.[3]

The FDIC next argues that, as a governmental agency and its receivership capacity, it may assert certain privileges that cannot be waived. Specifically, the FDIC identifies the following unwaivable privileges: (i) disclosure limitations under 12 C.F.R. 309.6; and (ii) deliberative process privilege. Under 12 C.F. R. § 309.6, the FDIC may not disclose certain exempt records or information contained therein. The FDIC has not provided any case law that definitively states that an agency cannot waive the disclosure limitations in 12 C.F. R. § 309.6. However, in an abundance of caution, and because this rule provides the FDIC with no discretion, I find that the FDIC may assert objections under 12 C.F. R. § 309.6. *Cf. In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). Similarly, the FDIC cites no case law that definitively states that an agency cannot waive the deliberative process privilege upon untimely assertion of the privilege in response to discovery requests. However, in an abundance of caution, and because doing so would safeguard the underlying principles of the privilege, I find that the FDIC may assert objections under the deliberative process privilege. *Cf. FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161-62 ("[The deliberative process privilege] was developed to promote frank and independent discussion among those responsible for making governmental decisions, and also to protect against premature disclosure of proposed agency policies or decisions. The ultimate purpose of the privilege is to protect the quality of agency decisions."

---

[3] Romacorp filed a Response to the FDIC's objections stating that the FDIC stipulated to producing documents without objections. In his Order, Judge Turnoff did not make any finding that the parties entered into an enforceable stipulation. Because my review of Judge Turnoff's Order is for clear errors of law, I decline to hold that such an enforceable stipulation exists.

(internal citations omitted)).

The FDIC also states that it is entitled, under the Freedom of Information Act ("FOIA"), to withhold certain confidential information. The FDIC states that it cannot waive objections under the FOIA. This argument is inapposite. Judge Turnoff's Order does not concern any request for documents or other information pursuant to the FOIA; rather, Plaintiff has requested documents and information pursuant to the Federal Rules of Civil Procedure. The FOIA disclosure regime is distinct from civil discovery. *See Eden Isle Marina, Inc. v. United States*, 89 Fed. Cir. 480, 495 (Fed. Cir. 2009); *Friedman v. Bache Halsey Stuart Shields, Inc.*, 736 F.2d 1336, 1344 (D.C. Cir. 1984). Further, "the FOIA neither expands nor contracts existing privileges, nor does it create any new privileges." *Canal Auth. of State of Florida*, 81 F.R.D. 609, 612 (M.D. Fla. 1979) (quoting *Ass'n for Women in Science v. Califano*, 566 F.2d 339, 343 (D.C. Cir. 1977)). If Romacorp eventually requests documents pursuant to the FOIA and/or brings a FOIA action against the FDIC, the FDIC may invoke any applicable exemptions. *See Stonehill v. I.R.S.*, 558 F.3d 534, 538 (DC Cir. 2009). Judge Turnoff's Order applies only to discovery requests, not FOIA requests.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. FDIC's Objection to Order on Plaintiff's Motion to Compel FDIC to Respond to Discovery Requests, Finding that FDIC has Waived Objection and Awarding Rule 37 Expenses (ECF No. 90) are **GRANTED in part and DENIED in part**.

2. Judge Turnoff's Order (ECF No. 85) is **AMENDED** to allow the FDIC to assert objections based on 12 C.F.R. § 309.6 and the deliberative process privilege.

3. If it still has not done so, the FDIC shall produce, on or before June 9, 2011, at 12:00 p.m., all responsive documents <u>and a privilege log</u> in response to the Plaintiff's discovery requests covered by Judge Turnoff's Order (ECF No. 85). ***Failure to do so may result in***

*further sanctions*.

**DONE and ORDERED** in chambers at Miami, Florida, this 7th day of June 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*